**WILBUR J. REINE, JR., Appellant**

**v.**

**FALANI TAOTOAI, MAIMAU TAOTOAI, SINATALA TAOTOAI, ESETA SAVEA, RUTA SAVEA, and LIMA PAPATU, Appellee**

High Court of American Samoa
Appellate Division

AP No. 7-93

February 9, 1994

Before CANBY,[*] Acting Associate Justice, MUNSON,[**] Acting Associate Justice, WARD,[***] Acting Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel:      For Appellees, Togiola T.A. Tulafono
               For Appellants, Gata E. Gurr

CANBY, Acting Associate Justice:

---

[*] Honorable William C. Canby, Jr., Circuit Judge, United States Court of Appeal for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[**] Honorable Alex R. Munson, Chief Judge, United States Court of Appeal for the Ninth Circuit, serving by designation by the Secretary of the Interior.

[***] Honorable John L. Ward, II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

This appeal is from a decision of the Trial Division determining the ownership of a house separated from communal land under the separation-of-structures laws of American Samoa, A.S.C.A. §§ 37.1501-37.1506. The separation agreement was executed in 1967 by Fa'agata Mano, then senior matai of the Fa'agata family, and Sinatala T. Reine, as the building owner. The loan that financed most of the acquisition of the house was taken out in the name of Sinatala and her husband, Wilbur J. Reine, Sr. In August 1978, Reine, Sr. and Sinatala were divorced, and the divorce decree awarded the house to Sinatala for life, with remainder in Wilbur J. Reine, Jr., the appellant here. Sinatala died in 1987.

Appellant contended in the Trial Division that he was the sole owner of the house. The Trial Division determined, however, that the original intent at the time of the separation agreement had not been to vest the entire title in Sinatala or her husband. On the contrary, Sinatala's parents, Fesuiai and Lana Taotoai, had intended the house to be for the benefit of their family, and had contributed substantially to its construction costs, as had their adoptive son, Falani Taotoai. Their adoptive daughter, Maimau Toatoai, had been the means of obtaining the original separation agreement; she provided the blood relationship to the Fa'agata family because she was the natural daughter of Fa'agata Mano and his wife. Fesuiai and Lana Taotoai, the Trial Division found, had considered the land to be owned by their three children. In light of that intention, and the understanding and contributions of all three children, the Trial Division concluded that the house was owned by the estate of sinatala, Falani, and Maimau equally, as rental income from the house and paid off a part of the loan, depended on descent from Sinatala, and could not be determined until Sinatala's estate was settled.

Reine, Jr. first argues that the decision of the Trial Division was invalid because the court had no power to amend the provisions of the divorce decree, which awarded the remainder interest in the house to Reine, Jr. Appellant contends that the divorce decree was final and could not be altered except upon proper motion.

■ The divorce decree was certainly final between the parties, Reine, Sr. and Sinatala, but it did not, and could not, foreclose the possibility of ownership interests by others who were not parties to the decree. *See Reid v. Puailoa*, 1 A.S.R.2d 85, 89, ( App. Div. 1983); *Puailoa v. Lagafuaina*, 11 A.S.R.2d 54, 76, 78 (Land & Titles Div. 1989). The Trial Division therefore did not lack the power to adjudicate those

additional interests, and to find that Sinatala's interest in the house amounted only to one-third.

■ Reine, Jr. next attacks the sufficiency of the evidence, arguing that the only evidence to support the claims of appellees was their self-serving testimony. The trier of fact may properly approach self-serving testimony with caution, but there is no requirement that it be disbelieved; the day is long past when interest parties were disqualified as witnesses. *See* I McCormick, Evidence, § 65. Here there was unrebutted testimony that Falani contributed $3,000 to the construction of the house, and that he and his wife contributed $60 fortnightly for an indeterminate period of time. There was also testimony that Fesuiai had furnished $10,000 for construction, and that Fesuiai's and Lana's Social Security checks for an extended period of years were contributed primarily toward the repayment of the construction loan. The plausibility of these multiple contributions was supported by the trial court's finding that, whether or not sinatala's estimate of $50,000 construction costs (as testified to by Falani) was accurate, the size of the house made clear that construction costs had been substantial.

There was also unrebutted testimony that, for various periods of years, the house was occupied by Falani and his family (the first occupants), Reine, Sr., Sinatala and Reine, Jr., and Maumai. The house was divided into two self-contained living units, which permitted multiple occupancy. Indeed, Falani, who lived in the house from 1968 to 1971 and then again from 1974 at least to the time of trial, testified that it was not until 1987, during a heated dispute, that he was made aware of Reine, Jr.'s exclusive ownership claim.

■ In light of the ample testimony about the family understanding concerning shared ownership, the multiple contributions by family members, and shared occupancy of the house over many years, there was ample evidence to support the trial court's finding of common ownership among the three children of Fesuiai and Lana Taotoai. It is true that there was no documentation supporting common ownership, and that the separation documents and loan documents could have been viewed as supporting sole ownership in Sinatala and Reine, Sr. But it was for the trial court to resolve conflicts in the evidence, and to judge the credibility of the witnesses. We will not overturn the trial court's resolution of conflicting evidence, when substantial evidence supports its ruling. *Faatea v. Taua*, 12 A.S.R.2d 88, 90 (App. Div. 1989).

The judgment of the Trial Division is AFFIRMED.